Matter of Levine (2023 NY Slip Op 04126)

Matter of Levine

2023 NY Slip Op 04126

Decided on August 2, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2023-00069

[*1]In the Matter of Barton Paul Levine, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Barton Paul Levine, respondent. (Attorney Registration No. 1239771)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on January 15, 1973.

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the
respondent on January 3, 2023, upon consent, by email, with a notice of petition and a verified petition, both dated December 16, 2022, and duly filed those papers with this Court together with an affidavit of service.
The verified petition contains seven charges of professional misconduct, alleging that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law (charges one through four), failed to make or maintain required bookkeeping records for his attorney trust account (charge five), and engaged in conduct adversely reflecting on his fitness as a lawyer (charges six and seven), in violation of rules 1.15(a) and (d)(2), and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served by email on the respondent, upon consent, on February 17, 2023, he has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the verified petition dated December 16, 2022, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges in the verified petition dated December 16, 2022, established based upon the default of the respondent, Barton Paul Levine, is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Barton Paul Levine, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Barton Paul Levine, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Barton Paul Levine, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Barton Paul Levine, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court